UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| ANGELA MULLINIX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:23-cv-97-GNS |
| | ) |
| GENERAL MOTORS, LLC | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Angela Mullinix ("Mullinix" or "Plaintiff"), by counsel, brings this action against Defendant, General Motors, LLC ("Defendant"), for violating the Employee Retirement Income and Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001 *et. seq.*, Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 *et seq.* and Kentucky Law.

**II. PARTIES**

2. Mullinix is a resident of Warren, Kentucky, who at all relevant times to this action worked within the geographical boundaries of the Western District of Kentucky.

3. Defendant is a Foreign Limited Liability Company that routinely conducts business within the geographical boundaries of the Western District of Kentucky.

Defendant may be served through its registered agent Corporation Service Company at 421 W. Main St., Frankfort, KY 40601.

4. The "General Motors Hourly-Rate Employees Pension Plan" ("the Plan") is sponsored by the Defendant.

5. The Defendant is the "plan administrator" of the Plan as defined by 29 U.S.C. § 1002(16)(A).

### III. JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. § 1132(e); 28 U.S.C. §1367; and 42 U.S.C. §12117.

7. Jurisdiction is conferred on Mullinix state law claims pursuant to 28 U.S.C. §1367 because her state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

8. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5) and KRS 344.030(2).

9. Mullinix was an "employee" as that term is defined by 29 U.S.C. § 1002(6), 42 U.S.C. §12111(4) and KRS 344.030(5).

10. Plaintiff has a "disability" as that term is defined by 42 U.S.C. §12102(2) and KCRA 344.010(4).

11. Defendant maintains and sponsors an "employee pension benefit plan" and "employee welfare plan" for its employees, including Mullinix, as defined by 29 U.S.C. § 1002(1), (2) and (3).

12. Mullinix was a "participant" in Defendant's "employee benefit plans" as defined by 29 U.S.C. § 1002(3) and (7).

13. Mullinix satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on disability. Mullinix received the required Notice of her Right to Sue and timely files this action.

14. Per the Plan requirements, Mullinix filed an Appeal on October 23, 2022. To date, the Defendant has failed to respond. Mullinix has exhausted her administrative remedies.

15. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

16. Mullinix began working for Defendant on or about May 26, 1999. Mullinix's last held position was in the Paint Department.

17. At all relevant times, Mullinix met or exceeded Defendant's legitimate performance expectations.

18. From 1999 to 2014, Mullinix worked for Defendant without issue.

19. In or around 2014, Mullinix became a qualified individual with a disability as that term is defined by the ADA. She reported this to Defendant who acknowledged and agreed that Mullinix was disabled. In response, Mullinix remained employed but was placed on paid sick leave. If a position was identified that could accommodate Mullinix's disabilities, she would be returned to work under Defendant's ADAPT Program. If a position was not identified, Mullinix would remain on paid sick leave while also retaining her health insurance.

20. From 2014 to 2018, Mullinix remained on sick leave and continued to receive health insurance.

21. In or around 2018/2019, Mullinix stopped receiving paid sick leave but continued to receive health insurance. When her paid sick leave was stopped, Mullinix filed for Social Security Disability and for retirement under Defendant's Total and Permanent Disability program. In support of her application, Mullinix submitted all requested medical records and other documents.

22. On or about November 1, 2021, Mullinix received notice from Defendant that she must return to work within three (3) days, or she would lose seniority and be terminated. Mullinix immediately informed Defendant and her Union Representative that she could not return due to her disabilities and requested an accommodation. Both Defendant and her Union Representative confirmed receipt of this information.

23. Rather than engage in the interactive process, Mullinix was terminated shortly thereafter.

24. On or about November 9, 2021, Social Security found that Mullinix was disabled and awarded her Social Security Disability. Mullinix informed Defendant of this.

25. In or around March 2022, Mullinix went to her doctor for a cervical biopsy. She was denied treatment due to her health insurance being expired. Her health insurance was expired due to Defendant unlawfully terminating her.

26. On or about April 27, 2022, Mullinix received notice from Defendant that she had been denied Total and Permanent Disability pension benefits. Defendant determined that Mullinix was not "totally and permanently disabled" due to insufficient paperwork.

27. Mullinix was given 180-days to appeal her denial of Total and Permanent Disability pension benefits.  Mullinix submitted a timely appeal on or about October 23, 2022.  To date, Defendant has not responded.

28. As a result of Defendant's actions, Mullinix has been unlawfully terminated and denied benefits. Defendant's actions are pretext for discrimination.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

29. Mullinix hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint as if the same were set forth at length herein.

30. Defendant violated Mullinix's rights as protected by the ADA, 42 U.S.C. §12101 *et seq.* and KCRA by discriminating against her because of her actual or perceived disability. Defendant failed to provide her with a reasonable accommodation

and subjected her to disparate treatment because of her disabilities in violation of the ADA and the KCRA.

31. Defendant discriminated against Chicoine on the basis of her disability by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

32. Mullinix's employment was terminated because of her disability.

33. Defendant's actions were intentional, willful, and in reckless disregard of Mullinix's rights as protected by the ADA and the KCRA.

34. Mullinix has suffered damages as a result of the Defendant's unlawful actions.

## COUNT II: RETALIATOIN

35. Mullinix hereby incorporates paragraphs one (1) through thirty-four (34) of her Complaint as if the same were set forth at length herein.

36. Defendant retaliated against Mullinix for engaging in protected activity under the ADA and KCRA.

37. Mullinix suffered an adverse employment action. Specifically, she was terminated.

38. Defendant's actions were intentional, willful, and in reckless disregard of Mullinix's rights as protected by the ADA and the KCRA.

39. Mullinix has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: VIOLATION OF ERISA

40. Mullinix hereby incorporates paragraphs one (1) through thirty-nine (39) of her Complaint as if the same were set forth at length herein.

41. Mullinix met the definition for disability under the Plan's terms, but the Plan terminated her long-term disability benefits on or about April 27, 2022.

42. Mullinix was a beneficiary in the Plan, who is due benefits under the terms of the Plan and seeks to enforce her rights under the terms of the plan.

43. Defendant has refused to pay Plaintiff under the terms of the Plan.

44. Defendant interfered with her attainment of a benefit under its employee benefit plan in violation of the Employee Retirement Income and Security Act of 1974, as amended, 29 U.S.C. § 1132(1)(B).

45. The Plan's denial violated Mullinix's rights as protected by ERISA.

46. Mullinix, therefore, seeks enforcement of her rights under the terms of the Plan pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B)

## COUNT IV: BREACH OF FIDUCIARY DUTIES

47. Mullinix hereby incorporates paragraphs one (1) through forty-six (46) of her Complaint as if the same were set forth at length herein.

48. As a fiduciary, the Defendant was required under 29 U.S.C. § 1104(a)(1) [ERISA § 404(a)(1)] to administer the Plan in the sole interest of participants and beneficiaries and for the exclusive purpose of providing benefits. Section 404(a)(1) also requires ERISA fiduciaries to discharge their duties with the care, skill, prudence and

diligence that a prudent person acting in like capacity and familiar with the operation of a defined benefit would exercise.  A fiduciary that negligently carries out his or her duties under the Plan violates Section 404's standard of reasonable care. The duty of reasonable care also assumes that the fiduciaries will diligently act to correct problems that may jeopardize the interests of participants/beneficiaries.

49. The Defendant breached its fiduciary duties owed under ERISA by failing to update Mullinix's primary beneficiary and pay the pension benefits under the Plan to Mullinix, as a beneficiary of the Plan.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Angela Mullinix, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. That Mullinix's disabilities meet the definition of disability under the Plan's terms, and as such, Mullinix in entitled to benefit coverage under the terms of the Plan;

2. The Plan to pay Plaintiff any and all of the benefits to which Mullinix would have been entitled under the terms of the employee welfare benefit plan but for Defendants' aforementioned unlawful acts;

3. Reinstate Mullinix's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Mullinix of front pay in lieu thereof;

4. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

5. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

6. Compensatory damages for Defendant's violations of the ADA and KCRA;

7. Punitive damages for Defendant's violations of the ADA and KCRA;

8. All costs and attorney's fees incurred as a result of bringing this action;

9. Pre- and post-judgement interest on all sums recoverable; and

10. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Taylor J. Ferguson*
Taylor J. Ferguson
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: tferguson@bdlegal.com
*Counsel for Plaintiff, Angela Mullinix*

## DEMAND FOR JURY TRIAL

Plaintiff, Angela Mullinix, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Taylor J. Ferguson*
Taylor J. Ferguson
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: tferguson@bdlegal.com
*Counsel for Plaintiff, Angela Mullinix*